UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VAN ALEXANDER BOLDEN,<br><br>Plaintiff,<br><br>vs.<br><br>TOM DART, DANIEL MORECI, STEVE GLUSZEK, and MICHAEL MILLER,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 11 C 8661<br><br>Judge Feinerman |

**MEMORANDUM OPINION AND ORDER**

Van Alexander Bolden, presently in the custody of the Mississippi Department of Corrections, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His complaint alleges that Cook County Sheriff Tom Dart, Executive Director Michael Miller, Superintendent Daniel Moreci, and Correctional Officer Steve Gluszek were deliberately indifferent to a substantial risk of harm posed to him by other detainees at Cook County Jail. Doc. 6. Defendants have moved for summary judgment. Doc. 48. The motion is granted.

**Background**

Consistent with the local rules, Defendants filed a Local Rule 56.1(a)(3) statement of undisputed facts along with their summary judgment motion. Doc. 49. Each substantive assertion of fact in the Local Rule 56.1(a)(3) statement cites evidentiary material in the record and is supported by the cited material. *See* N.D. Ill. L.R. 56.1(a) ("The statement referred to in (3) shall consist of short numbered paragraphs, including within each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to

support the facts set forth in that paragraph."). Also consistent with the local rules, Defendants filed and served on Bolden a Local Rule 56.2 Notice, which explains in detail the requirements of Local Rule 56.1. Doc. 51. Bolden filed a Local Rule 56.1(b)(3)(B) response. Doc. 55 at 1-12. The response expressly admits ¶¶ 1, 3, 4, 7, 10, 12, 13, 14, 15, 22, 26, 27, 28, and 29 of Defendants' Local Rule 56.1(a)(3) statement. *Id.* at ¶¶ 1, 3, 4, 7, 10, 12, 13, 14, 15, 22, 26, 27, 28, and 29. The response denies the remaining paragraphs of the Local Rule 56.1(a)(3) statement, but the denials violate Local Rule 56.1 in several respects.

The first violation concerns Local Rule 56.1(b)(3)(B)'s requirement that the non-movant's response to the movant's Local Rule 56.1(a)(3) statement "respon[d] to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, *specific references to the affidavits, parts of the record, and other supporting materials relied upon*." N.D. Ill. L.R. 56.1(b)(3)(B) (emphasis added). Paragraphs 11, 17, and 31 of Bolden's Local Rule 56.1(b)(3)(B) response do not cite any record evidence to support his denial of the facts asserted in the corresponding paragraphs of Defendants' Local Rule 56.1(a)(3) statement. Doc. 55 at ¶¶ 11, 17, 31. Accordingly, those paragraphs of the Local Rule 56.1(a)(3) statement are deemed admitted. *See Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 632 (7th Cir. 2009); *FTC v. Bay Area Bus. Council, Inc.*, 423 F.3d 627, 634 (7th Cir. 2005); *Smith v. Lamz*, 321 F.3d 680, 682-83 (7th Cir. 2003); *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 922 (7th Cir. 1994) (collecting cases).

Second, ¶¶ 2, 5, 6, 8, 9, 16, 18, 19, 21, 23, 24, 25, 30, 32 of Bolden's Local Rule 56.1(b)(3)(B) response cite his affidavit (Doc. 55 at 13-20) to support his denials of the facts asserted in the corresponding paragraphs of Defendants' Local Rule 56.1(a)(3) statement. Doc.

55 at ¶¶ 2, 5, 6, 8, 9, 16, 18, 19, 21, 23, 24, 25, 30, 32. The eight-page, single-spaced affidavit is not divided into paragraphs or sections, and the above-referenced paragraphs of Bolden's Local Rule 56.1(b)(3)(B) statement cite the affidavit in its entirety rather than any particular page. This violates Local Rule 56.1(b)(3)(B). As the Seventh Circuit has held:

> [W]here a non-moving party denies a factual allegation by the party moving for summary judgment, that denial must include a specific reference to the affidavit or other part of the record that supports such a denial. *Citations to an entire transcript of a deposition or to a lengthy exhibit are not specific and are accordingly, inappropriate.* A court should not be expected to review a lengthy record for facts that a party could have easily identified with greater particularity.

*Ammons v. Aramark Uniform Servs., Inc.*, 368 F.3d 809, 817-18 (7th Cir. 2004) (emphasis added); *see also Brasic v. Heinemann's, Inc.*, 121 F.3d 281, 285 (7th Cir. 1997). And as a judge sitting in this District has explained:

> "[S]pecific reference" [in Local Rule 56.1(b)(3)(B)] means including proper … citations to exact pieces of the record that support the factual contention contained in the paragraph. *In other words, citations must include page (or paragraph) numbers, as opposed to simply citing an entire deposition, affidavit, or other exhibit document*. District courts are not obliged in our adversary system to scour the record looking for factual disputes. Factual allegations not properly supported by citation to the record are nullities.

*Malec v. Sanford*, 191 F.R.D. 581, 583 (N.D. Ill. 2000) (emphasis added) (internal quotation marks and citation omitted); *see also Corley v. Rosewood Care Center, Inc. of Peoria*, 388 F.3d 990, 1001 (7th Cir. 2004); *Banks v. Fuentes*, 2012 WL 6184880, at *3-4 (N.D. Ill. Dec. 11, 2012); *Diadenko v. Folino*, 890 F. Supp. 2d 975, 982 n.4 (N.D. Ill. 2012). Because Bolden has failed to properly controvert ¶¶ 2, 5, 6, 8, 9, 16, 18, 19, 21, 23, 24, 25, 30, 32 of Defendants' Local Rule 56.1(a)(3) statement, those paragraphs are deemed admitted.

Third, numerous paragraphs of Bolden's Local Rule 56.1(b)(3)(B) response make factual assertions that go well beyond the facts asserted in the corresponding paragraphs of Defendants' Local Rule 56.1(a)(3) statement. Doc. 55 at ¶¶ 5, 6, 8, 9, 11, 16, 17, 18, 19, 21, 23, 24, 31. To the extent that those extraneous factual assertions are supported with no record citations or with only Bolden's affidavit, they will be ignored for the reasons stated above. To the extent that those extraneous assertions are supported with reasonably specific record citations, *see id*. at ¶¶ 18, 19, 23, 31, they will be ignored because a non-movant seeking to assert facts that go beyond what is fairly responsive to the movant's factual assertions must do so not in his Local Rule 56.1(b)(3)(B) response, but in a Local Rule 56.1(b)(3)(C) statement of additional facts that require the denial of summary judgment. *See Johnson v. Cnty. of Cook*, 2012 WL 2905485, at *12 (N.D. Ill. July 16, 2012) ("It is inappropriate for a non-movant to include additional facts, *meaning facts extraneous to the substance of the paragraph to which the non-movant is responding*, in a Local Rule 56.1(b)(3)(B) response. Rather, Local Rule 56.1 *requires specifically* that a litigant seeking to oppose a motion for summary judgment file a response that contains a separate statement under Local Rule 56.1(b)(3)(C) of any additional facts that require the denial of summary judgment.") (first emphasis added, citations and internal quotation marks omitted). The court therefore will disregard the extraneous facts set forth in Bolden's Local Rule 56.1(b)(3)(B) response. *See Ciomber v. Cooperative Plus, Inc.*, 527 F.3d 635, 643-44 (7th Cir. 2008) (affirming the district court's refusal to consider additional facts set forth in the non-movant's Local Rule 56.1(b)(3)(B) response); *Eason v. Nolan*, 416 F. App'x 569, 569-70 (7th Cir. 2011) (same); *Levin v. Grecian*, 2013 WL 2403642, at *1 (N.D. Ill. May 31, 2013); *Johnson*, 2012 WL 2905485, at *12.

Finally, ¶ 16 of Bolden's Local Rule 56.1(b)(3)(B) response incorrectly denies that the evidentiary materials cited by Defendants in the corresponding paragraph of their Local Rule 56.1(a)(3) statement support the factual assertion in that paragraph. Doc. 55 at ¶ 16. Paragraph 16 of Defendants' Local Rule 56.1(a)(3) statement cites Bolden's deposition transcript for the proposition that "[a]pproximately around 11:00 a.m. [on August 29, 2011,] Officer Gluszek let Plaintiff out of his cell per Plaintiff's request." Doc. 49 at ¶ 16. Bolden vigorously maintains that the cited deposition testimony does not support the proposition that he asked to be let out of his cell. Doc. 55 at ¶ 16. As the deposition testimony itself shows, Bolden is incorrect. Doc. 49-4 at 68-69 ("Q. Now, you said you had been waiting to go to sick call, right? A. Yes, because I had put in for it. The interlock door right there before you go to sick call. So I was anticipating that. I just got back and they gave me all my medicine. … Q. So why had you requested to go back to sick call? A. For my medications. Q. Okay. So then when you — you walked out of your cell, correct? A. Yes, I walked. Yeah, I walked out my cell. A. And was Officer Glus[z]ek out there? A. He shut my door and locked it."). The factual dispute is immaterial in any event.[*]

This court may and should strictly enforce Local Rule 56.1. *See Stevo v. Frasor*, 662 F.3d 880, 886-87 (7th Cir. 2011) ("Because of the high volume of summary judgment motions and the benefits of clear presentation of relevant evidence and law, we have repeatedly held that district judges are entitled to insist on strict compliance with local rules designed to promote the

---

[*] In ¶ 20 of their Local Rule 56.1(a)(3) statement, Defendants assert that "Plaintiff alleges that he was standing in the dayroom for more than a minute when he was attacked." Doc. 49 at ¶ 20. Bolden maintains that he never said that he was in the dayroom for "more than a minute" before he was attacked. Doc. 55 at ¶ 20. Bolden is right; at his deposition, Bolden said that "it wasn't no minute" before he was attacked. Doc. 49-4 at 71. Still, Bolden testified that "it wasn't a long time" before he was attacked, *ibid*., and the difference between a minute or less and "it wasn't a long time" is not material.

clarity of summary judgment filings"); *Patterson v. Ind. Newspapers, Inc.*, 589 F.3d 357, 360 (7th Cir. 2009) ("[w]e have repeatedly held that the district court is within its discretion to strictly enforce compliance with its local rules regarding summary-judgment motions"); *Cichon v. Exelon Generation Co.*, 401 F.3d 803, 809 (7th Cir. 2005) ("We have … repeatedly held that a district court is entitled to expect strict compliance with Rule 56.1."). Whether they seek or oppose summary judgment, parties have a right to expect that Local Rule 56.1 will be enforced and that facts not properly presented under the rule will be disregarded. *See Renta v. Cnty. of Cook*, 2011 WL 249501, at *1-2 (N.D. Ill. Jan. 26, 2011). Bolden's status as a *pro se* litigant does not excuse him from complying with Local Rule 56.1. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel") (citations omitted); *Coleman v. Goodwill Indus. of Se. Wis., Inc.*, 423 F. App'x 642, 643 (7th Cir. 2011) ("Though courts are solicitous of pro se litigants, they may nonetheless require strict compliance with local rules."); *Wilson v. Kautex, Inc.*, 371 F. App'x 663, 664 (7th Cir. 2010) ("strictly enforcing Local Rule 56.1 was well within the district court's discretion, even though Wilson is a pro se litigant") (citations omitted); *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006) ("even *pro se* litigants must follow rules of civil procedure").

For these reasons, and with the exception noted in the footnote above, the facts asserted in Defendants' Local Rule 56.1(a)(3) statement are deemed admitted and the facts asserted in Bolden's Local Rule 56.1(b)(3)(B) response are disregarded. *See Keeton v. Morningstar, Inc.*, 667 F.3d 877, 880-81, 884 (7th Cir. 2012); *Parra v. Neal*, 614 F.3d 635, 636 (7th Cir. 2010); *Rao v. BP Prods. N. Am., Inc.*, 589 F.3d 389, 393 (7th Cir. 2009); *Ciomber*, 527 F.3d at 643-44;

*Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006); *Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 943-44 (7th Cir. 2005); *Smith,* 321 F.3d at 682-83. The facts asserted in Bolden's summary judgment brief are disregarded as well, as facts may be considered on summary judgment only if they are presented in a compliant Local Rule 56.1 statement or response. *See Midwest Imps., Ltd. v. Coval*, 71 F.3d 1311, 1317 (7th Cir. 1995) (holding that the predecessor to Local Rule 56.1(b)(3) "provides the only acceptable means of … presenting additional facts to the district court"); *Dunhill Asset Servs. III, LLC v. Tinberg*, 2012 WL 3028334, at *3 (N.D. Ill. July 23, 2012) ("Under settled law, facts asserted in a brief but not presented in a Local Rule 56.1 statement are disregarded in resolving a summary judgment motion.") (internal quotation marks omitted); *Garner v. Lakeside Cmty. Comm.*, 2011 WL 2415754, at *1 n.1 (N.D. Ill. June 13, 2011) ("the Court disregards any additional statements of fact contained in a party's response brief but not in its L.R. 56.1(b)(3)[] statement of additional facts"); *Curtis v. Wilks*, 704 F. Supp. 2d 771, 789 (N.D. Ill. 2010) ("Any facts plaintiffs assert in their response brief that were not included in their LR 56.1 submissions will not be considered."); *Byrd-Tolson v. Supervalu, Inc.*, 500 F. Supp. 2d 962, 966 (N.D. Ill. 2007) ("facts are properly presented through the framework of the Rule 56.1 statements, and not through citation in the briefs to raw record material").

This outcome is consistent with *Sojka v. Bovis Lend Lease, Inc.*, 686 F.3d 394 (7th Cir. 2012). *Sojka* holds that where a non-movant properly includes facts sufficient to preclude summary judgment in its Local Rule 56.1(b)(3)(B) response or Local Rule 56.1(b)(3)(C) statement, the district court must consider those facts and deny summary judgment even if the non-movant does not also recite or refer to those facts in its summary judgment brief. *Id.* at 397-

98. Here, Bolden's problem is not that he properly presented facts under Local Rule 56.1(b)(3) and simply neglected to mention those facts in his brief, but that his Local Rule 56.1(b)(3)(B) response does not properly refute the facts asserted in Defendants' Local Rule 56.1(a)(3) statement and does not properly present additional facts. *Sojka* did not abrogate the numerous decisions cited above that call for the court to disregard Bolden's factual assertions and denials.

The pertinent facts, stated as favorably to Bolden as the record and Local Rule 56.1 allow, are as follows. After a brief detention at Kankakee County Jail, Bolden re-entered Cook County Jail on August 20, 2011, and was assigned to Division 9, Tier 1C. Doc. 49 at ¶¶ 2-3. That day, Bolden told Superintendent Moreci that he wanted to go back to the Kankakee County Jail because there were better living conditions there. *Id*. at ¶¶ 4-5. During that conversation, Bolden did not tell Superintendent Moreci of any specific threats to his safety. *Id*. at ¶ 6.

At some point Bolden wrote Superintendent Moreci a letter stating that he wanted to be moved back to Kankakee County Jail because he did not feel safe. *Id*. at ¶ 7. Even if Bolden wrote such a letter, he did not inform Moreci of any specific threats to his safety. *Id*. at ¶ 8. Before August 27, 2011, Bolden told Officer Gluszek that he did not feel safe; even assuming that this discussion took place, Bolden did not specify the reasons why he felt unsafe. *Id*. at ¶ 9. On August 28, 2011, Bolden told Officer Gluszek that he wanted to speak with Officer Pates about moving off his tier because he did not feel safe. *Id*. at ¶ 10. Again, even assuming that this discussion took place, Bolden did not tell Officer Gluszek why he felt unsafe. *Id*. at ¶ 11. Bolden spoke with Officer Pates on August 28, 2011, about getting moved off the tier because he did not feel safe; again, Bolden did not tell Pates why he felt unsafe. *Id*. at ¶ 12. Officer Pates told Bolden that he would "put in" Bolden's request to be moved to a different tier. *Id*. at ¶ 13.

On August 29, 2011, Bolden was out of his cell for dayroom time from 7:30 a.m. to 9:00 a.m. *Id*. at ¶ 14. After returning to his cell, he fell asleep. *Id*. at ¶ 15. At approximately 11:00 a.m., Officer Gluszek let Bolden out of his cell at his request. *Id*. at ¶ 16. Officer Gluszek then walked off the tier and entered the interlock. *Id*. at ¶ 19. Bolden was standing in the dayroom for no more than a minute when he was attacked and stabbed multiple times by two detainees with homemade knives. *Id.* at ¶¶ 20-21. Bolden could not see where the attackers came from. *Id.* at ¶ 22.

Officer Gluszek observed Bolden being attacked from behind and called for backup. *Id*. at ¶¶ 23-24. When a correctional officer is working alone and a fight breaks out between or among detainees, the officer should wait for backup so as not to put his own safety at risk. *Id*. at ¶ 31. After eluding from his attackers, Bolden ran in the direction of the interlock, at which point Officer Gluszek opened the door to allow Bolden to get off the tier. *Id*. at ¶ 25. Officer Gluszek took Bolden to the dispensary for treatment of his injuries. *Id*. at ¶ 26. Bolden was asked if he wanted protective custody, and he refused. *Id*. at ¶ 27. On August 30, 2011, Bolden was reassigned to a different tier. *Id*. at ¶ 28.

Between August 20, 2011, and August 29, 2011, Bolden did not have any altercations with other inmates and did not receive any threats. *Id*. at ¶¶ 29-30. As of August 29, 2011, Bolden was no longer involved in a gang. *Id*. at ¶ 32.

**Discussion**

Bolden claims that Defendants failed to protect him from the attack on August 29, 2011. "Because [Bolden] was a pretrial detainee, his deliberate-indifference claim arises under the Fourteenth Amendment's Due Process Clause but is governed by the same standards as a claim

for violation of the Eighth Amendment's prohibition against cruel and unusual punishment." *Smith v. Sangamon Cnty. Sheriff's Dep't*, 715 F.3d 188, 191 (7th Cir. 2013). "Depriving a prisoner of basic human needs like food, medical care, sanitation, and physical safety violates the Eighth Amendment, but only if the defendant acted with deliberate indifference to the prisoner's serious needs; negligence is not enough." *Ibid*. (internal quotation marks omitted). The deliberate indifference standard is as follows:

> A finding of deliberate indifference requires a showing that the [defendant] was aware of a substantial risk of serious injury to [the plaintiff] but nevertheless failed to take appropriate steps to protect him from a known danger. Both the Eighth and Fourteenth Amendments, then, impose upon prison officials a duty to protect inmates from violent assaults at the hands of fellow prisoners but the duty is violated only by deliberate indifference to a known substantial risk. Prison and jail officials [are] not … required to guarantee the detainee's safety. The existence or possibility of other better policies which might have been used does not necessarily mean that the defendant was being deliberately indifferent.

*Ibid*. (citations and internal quotation marks omitted, alterations in original).

On this record, Superintendent Moreci and Officer Gluszek cannot be held liable for failing to protect Bolden from the attack. From the time Bolden re-entered Cook County Jail on August 20, 2011, to the date of the attack nine days later, Bolden did not have any altercations with other inmates, did not receive any threats, and was no longer involved in a gang. And although Bolden told Moreci and Gluszek that he felt unsafe, he did not inform them of any *specific* threats or of *why* he felt unsafe. On those facts, no reasonable jury could find that Moreci and Gluszek were deliberately indifferent to Bolden's safety. *See Young v. Monahan*, 420 F. App'x 578, 582 (7th Cir. 2011) (holding that the defendants were not deliberately indifferent where "[the plaintiff's] complaints were not so specific as to suggest a high

probability of an assault") (citing cases); *Whaley v. Erickson*, 339 F. App'x 619, 622 (7th Cir. 2009) ("Since [the plaintiff] did not specify the nature or the target of [the attacker's] threats, [the defendant] could not have known that [the attacker] posed a substantial risk of serious harm to [the plaintiff]."); *Klebanowski v. Sheahan*, 540 F.3d 633, 639 (7th Cir. 2008) ("Klebanowski testified during his deposition that he told officers twice on September 8 that he was afraid for his life and he wanted to be transferred off the tier. Those statements, and the officers' knowledge of the first beating, are the only pieces of evidence in the record that can assist Klebanowski in his attempt to show that the officers were aware of any risk to him. We have previously held that statements like those made by Klebanowski are insufficient to alert officers to a specific threat."), *citing Butera v. Cottey*, 285 F.3d 601, 606 (7th Cir. 2002) (rejecting a deliberate indifference claim where the plaintiff told the defendants only that he was "having problems in the block" and "needed to be removed"); *Riccardo v. Rausch*, 375 F.3d 521, 527-28 (7th Cir. 2004) ("a prisoner's bare assertion is not enough to make the guard subjectively aware of a risk, if the objective indicators do not substantiate the inmate's assertion").

Nor on this record can Officer Gluszek be held liable for calling for backup rather than immediately intervening to halt the attack. The record establishes that when a correctional officer is working alone and a fight breaks out between or among detainees, the officer should wait for backup so as not to put his own safety at risk. The record also establishes that Bolden was attacked by two inmates with homemade knives. The record further establishes that when Bolden escaped his attackers and ran towards the interlock, Gluszek opened the door to allow Bolden to get off the tier and then took Bolden to the dispensary for treatment. Gluszek's actions do not rise to the level of deliberate indifference. As the Seventh Circuit has held: "A prison

guard, acting alone, is not required to take the unreasonable risk of attempting to break up a fight between two inmates when the circumstances make it clear that such action would put her in significant jeopardy." *Guzman v. Sheahan*, 495 F.3d 852, 858 (7th Cir. 2007); *see also Peate v. McCann*, 294 F.3d 879, 883 (7th Cir. 2002) ("McCann further argues that as a prison guard, he should not be required to put himself at risk by breaking up a fight between two inmates armed with weapons. This too is true.").

Nothing in the record suggests that Sheriff Dart or Director Miller had any personal involvement in the underlying events. Because there is no *respondeat superior* liability under § 1983, Dart and Miller cannot be held individually liable and may be sued only in their official capacities. *See Budd v. Motley*, 711 F.3d 840, 843-44 (7th Cir. 2013); *Guzman*, 495 F.3d at 860; *Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002). Official capacity claims are governed by the municipal liability standards set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). *See Estate of Sims ex rel. Sims v. Cnty. of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007). To succeed on a *Monell* claim, Bolden must show: (1) that his constitutional rights were violated; and (2) "that an official policy or custom not only caused the constitutional violation, but was the moving force behind it." *Ibid*. (internal quotation marks omitted).

Even putting aside Bolden's failure to show that his constitutional rights were violated by the two individuals he deems directly responsible (Gluszek and Moreci), Bolden cannot show that the alleged violation resulted from an official policy or custom. "An official policy or custom may be established by means of [1] an express policy, [2] a widespread practice which, although unwritten, is so entrenched and well-known as to carry the force of policy, or [3] through the actions of an individual who possesses the authority to make final policy decisions

on behalf of the municipality or corporation." *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012); *see also Milestone v. City of Monroe, Wis.*, 665 F.3d 774, 780 (7th Cir. 2011). There is nothing in the summary judgment record that can establish an official policy or custom by any of these means, let alone an official policy or custom that was the "moving force" behind the failure to prevent the attack on Bolden. *Estate of Sims ex rel. Sims*, 506 F.3d at 514.

**Conclusion**

For the foregoing reasons, Defendants' summary judgment motion is granted.

July 23, 2013

United States District Judge